**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**DAVID PETTY AND
BONNIE PETTY**                                                                                          **PLAINTIFF**

**VS.**                             **CASE NO. 3:05CV00017 JMM**

**ROBERT W. ROSNER, ET AL.**                                                          **DEFENDANTS**

**ORDER**

Pending is plaintiffs' motion to remand. For the reasons stated below the motion is granted.

Plaintiffs filed their complaint on December 3, 2004 in the Circuit Court of Crittenden County, Arkansas alleging that Robert Rosner, who was driving a tractor-trailer owned by Whiskey River Transportation, rear ended David Petty.

Defendants properly removed the case to federal court based upon the complete diversity of citizenship of the parties and the amount in controversy exceeding $75,000.00. On May 27, 2005, plaintiffs filed an amended complaint joining a fictitious "John Doe" defendant and Great West Casualty Company ("Great West"). The amended complaint stated that plaintiffs had uninsured motorist coverage through Great West and that an unknown John Doe driving a white pick-up truck pulled in front of Petty, causing him to slow down resulting in the rear end collision.

David Petty claimed damages based upon injuries caused by the negligence of Rosner, Whiskey River and John Doe. Bonnie Petty asserted a claim for damages based upon a loss of consortium.

Plaintiffs' claims against Great West were based upon its denial of uninsured motorist coverage for the actions of John Doe. Plaintiffs also sought recovery of statutory penalty, interest

1

and attorneys' fees pursuant to Ark. Code Ann. § 23-79-208.  These claims were made against all defendants, jointly and severally.

Plaintiffs now bring a motion to remand contending that the Court lacks subject matter jurisdiction because (1) their claim against Great West is based upon an insurance policy which has a limit of $25,000.00 and (2) this $25,000.00 limit is below the $75,000.00 minimum jurisdiction requirement found in 28 U.S.C. § 1332.  Defendants contend that the amount in controversy exceeds $75,000.00 because plaintiffs specifically alleged damages in their amended complaint in excess of the required jurisdictional amount.

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.' " *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).  "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Kopp v. Kopp*, 280 F.3d 883 (8th Cir. 2002).

"When several plaintiffs join in the same action to sue several defendants on separate claims each claim must represent an amount sufficient to give the federal court jurisdiction." *Riccardi v. United States Fidelity & Guaranty Co.*, 215 F. Supp. 687, 690 (W.D. Mo. 1963).

Here, although plaintiffs' claims arise from the same occurrence, plaintiffs are bringing negligence claims against Rosner, Whiskey River and Joe Doe, and a breach of contract claim against Great West.  The Court finds that plaintiffs are suing several defendants on separate claims resulting in their being unable to satisfy the jurisdictional amount required by 28 U.S.C. § 1332 as

to Great West.

Defendants additionally argue that plaintiffs fraudulently joined Great West as a defendant and cite the case of *Throesch v. U.S. Fidelity and Guar. Co.*, 255 F.3d 551 (8th Cir. 2001) for the proposition that under Ark. Code Ann. § 27-19-503 plaintiffs have the burden of demonstrating that the John Doe vehicle was uninsured.   The Court finds that Ark. Code Ann. § 27-19-503, and the holding in the *Throesch,* do not apply to the facts of plaintiffs' case because plaintiffs' uninsured motorist policy language and definitions are different from the policy language in *Throesch.*   Because there is a reasonable basis in fact and law which supports a claim against Great West, plaintiffs have not fraudulently joined them as defendants.

Finally, 28 U.S.C. § 1441(c)'s provision regarding separate and independent claims or causes of action is inapplicable to the facts of this case.  This remand is based upon plaintiffs' inability to aggregate their claims in a suit "based upon a single wrong but involving separate claims" to meet "the amount necessary to invoke the jurisdiction of the federal courts on removal." *Riccardi v. United States Fidelity & Guaranty Co.*, 215 F. Supp. 687, 689 (W.D. Mo. 1963).

The motion to remand is granted (#18).   The Clerk of the Court is directed to return the file to the Clerk of the Court of Crittenden County with a certified copy of the order of remand forthwith.

IT IS SO ORDERED this  3   day of Ocotber, 2005.


_____
James M. Moody
United States District Judge